**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROBERT KITZHOFFER,<br>250 Laurel Avenue, Apt. 201<br>Pittsburgh, PA 15202<br><br>    *Plaintiff;*<br><br>vs.<br><br>CENTER INDEPENDENT ENERGY LP<br>d/b/a SHELL,<br>1035 Boyce Road, Ste. 220<br>Pittsburgh, PA 15241<br><br>    *Defendant*. | JURY TRIAL DEMANDED<br><br>CASE NO. 2:21-cv-1054 |

**CIVIL ACTION COMPLAINT**

**Parties and Jurisdiction**

1. Plaintiff, Robert Kitzhoffer, is an individual and citizen of the Commonwealth of Pennsylvania, residing at 250 Laurel Avenue, Apartment 201, Pittsburgh, Allegheny County, Pennsylvania 15202.

2. Upon information and belief, Defendant, Center Independent Energy LP d/b/a Shell, is a Pennsylvania Limited Partnership, with its headquarters located at 1035 Boyce Road, Suite 220, Pittsburgh, Allegheny County, Pennsylvania 15241, and maintains a business location at 5735 Baum Boulevard, Pittsburgh, Allegheny County, Pennsylvania 15206.

3. At all times material hereto, Defendant was Plaintiff's employer and acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4. This action is instituted pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"); the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA"); and, the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (the, "PHRA").

5. Plaintiff exhausted his administrative remedies pursuant to the Equal Employment Opportunity Act (See Exhibit "A"; a true and correct copy of the Notice of Rights).

6. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7. Supplemental jurisdiction over Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8. Venue is properly laid in this district because Defendant conducts business in this district and because a substantial part of the acts and omissions giving rise to the claims set forth herein occurred in this judicial district. 28 U.S.C. §§ 1391(b)(1) and (b)(2). Plaintiff was working in the Western District of Pennsylvania at the time of the illegal conduct by Defendant, as set forth herein.

**Factual Allegations**

9. Defendant employed Plaintiff as a Cashier at Defendant's Shadyside Shell fuel station located at 5735 Baum Boulevard, Pittsburgh, Pennsylvania 15206.

10. At all times relevant herein, Plaintiff was and is male, diabetic, and, at the time of his separation from employment with Defendant, was 55 years of age.

11. Plaintiff began his employment with Defendant on or about October 10, 2019.

12. During his employment with Defendant, Plaintiff earned $9.50 per hour and was employed full-time.

13. Shortly after becoming employed, Plaintiff noticed that employees significantly younger than him were offered extra shifts on a weekly basis, and he was the only one not offered extra shifts despite the store being short-staffed.

14. Plaintiff confronted his Manager, Ken Cerra, about not being offered extra shifts that others were, and Mr. Cerra replied that he did not think Plaintiff could handle the extra days due to his age and diabetes.

15. Plaintiff still was not offered extra shifts.

16. Plaintiff was required to work with another employee, Paul Mamaux, who consistently made sexually-charged comments and blatant sexual innuendos on a regular basis towards Plaintiff, such as,

"Thanks for letting me touch your pickle" and "Thanks for giving me your pickle," where "pickle" was intended to refer to Plaintiff's penis.

17. Plaintiff complained multiple times to Mr. Cerra regarding the sexual harassment but no steps were taken to remedy or cease Mr. Mamaux's conduct.

18. After months of enduring the harassing and discriminatory conduct, as described above, Plaintiff had no choice but to resign his position on or about February 16, 2020.

## Causes of Action

### Count I
### Unlawful Sexual Harassment/Hostile Work Environment in Violation of Title VII

19. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

20. Plaintiff, who is male, is a member of a class protected by Title VII, i.e. sex.

21. Plaintiff was an "employee" of Defendant as such term is defined pursuant to Title VII.

22. Defendant was an "employer" of Plaintiff as such term is defined pursuant to Title VII.

23. Plaintiff was subjected to sexual harassment/hostile work environment, as described above, by his co-employee, Paul Mamaux.

24. Mr. Mamaux's conduct was not welcomed by Plaintiff.

25. Mr. Mamaux's conduct was motivated by the fact that Plaintiff is male.

26. Mr. Mamaux's conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

27. Management level employees of Defendant, including Mr. Cerra, knew or should have known of the sexual harassment.

28. Defendant did not take any steps to remedy, prevent, or cease the sexual harassment.

29. The sexual harassment/hostile work environment led to the constructive discharge of Plaintiff, which is a tangible employment action.

30. As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages.

31. As a result of Defendant's malicious or reckless indifference to Plaintiff's rights, Plaintiff demands punitive damages.

32. Pursuant to Title VII, Plaintiff demands attorneys' fees and costs.

## Count II
## Unlawful Disability Discrimination in Violation of the ADA

33. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

34. At all times material hereto, Plaintiff was a "qualified individual", as such term is defined pursuant to the ADA, and able to perform the essential functions of his position as a Cashier.

35. At all times material hereto, Plaintiff has a "disability" as such term is defined pursuant to the ADA.

36. Plaintiff's disability was a motivating factor in Defendant's decision to not give Plaintiff extra shifts as it did to non-disabled employees.

37. Defendant's decision to not give Plaintiff extra shifts was a materially adverse employment action and prohibited by the ADA.

38. Defendant acted intentionally.

39. As a result of Defendant's malicious or reckless indifference to Plaintiff's rights, Plaintiff demands punitive damages.

40. Any non-discriminatory reason(s) offered by Defendant for not giving Plaintiff extra shifts is pretextual.

41. As a result of Defendant's actions, Plaintiff has sustained significant damages.

42. Pursuant to the ADA, Plaintiff demands attorneys' fees and costs.

## Count III
## Unlawful Age Discrimination in Violation of the ADEA

43. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

44. At all times material hereto, Plaintiff was greater than 40 years of age, thereby a member of the class protected by the ADEA.

45. Plaintiff's age was the reason Defendant decided to not give Plaintiff extra shifts as it did to employees significantly younger than Plaintiff.

46. Defendant's decision to not give Plaintiff extra shifts was a materially adverse employment action and prohibited by the ADEA.

47. Defendant acted intentionally.

48. Defendant acted willfully, therefore, liquidated damages are warranted.

49. Any non-discriminatory reason(s) offered by Defendant for not giving Plaintiff extra shifts is pretextual.

50. As a result of Defendant's actions, Plaintiff has sustained significant damages.

51. Pursuant to the ADEA, Plaintiff demands attorneys' fees and costs.

**Count IV**
**Unlawful Sexual Harassment/Hostile Work Environment in Violation of the PHRA**

52. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

53. Plaintiff, who is male, is a member of a class protected by the PHRA i.e. sex.

54. Plaintiff was subjected to sexual harassment/hostile work environment, as described above, by his co-employee, Paul Mamaux.

55. Mr. Mamaux's conduct was not welcomed by Plaintiff.

56. Mr. Mamaux's conduct was motivated by the fact that Plaintiff is male.

57. Mr. Mamaux's conduct was so severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

58. Management level employees of Defendant, including Mr. Cerra, knew or should have known of the sexual harassment.

59. Defendant did not take any steps to remedy, prevent, or cease the sexual harassment.

60. The sexual harassment/hostile work environment led to the constructive discharge of Plaintiff, which is a tangible employment action.

61. As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages.

62. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

## Count V
### Unlawful Disability Discrimination in Violation of the PHRA

63. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

64. At all times material hereto, Plaintiff has a "disability" as such term is defined pursuant to the PHRA.

65. At all times material hereto, Plaintiff was able to perform the essential functions of his position as a Cashier.

66. Plaintiff's disability was a motivating factor in Defendant's decision to not give Plaintiff extra shifts as it did to non-disabled employees.

67. Defendant's decision to not give Plaintiff extra shifts was a materially adverse employment action and prohibited by the PHRA.

68. Defendant acted intentionally.

69. Any non-discriminatory reason(s) offered by Defendant for not giving Plaintiff extra shifts is pretextual.

70. As a result of Defendant's actions, Plaintiff has sustained significant damages.

71. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

## Count VI
### Unlawful Age Discrimination in Violation of the PHRA

72. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

73. At all times material hereto, Plaintiff was greater than 40 years of age, thereby a member of the class protected by the PHRA.

74. Plaintiff's age was the reason Defendant decided to not give Plaintiff extra shifts as it did to employees significantly younger than Plaintiff.

75. Defendant's decision to not give Plaintiff extra shifts was a materially adverse employment action and prohibited by the PHRA.

76. Defendant acted intentionally.

77. Any non-discriminatory reason(s) offered by Defendant for not giving Plaintiff extra shifts is pretextual.

78. As a result of Defendant's actions, Plaintiff has sustained significant damages.

79. Pursuant to the PHRA, Plaintiff demands attorneys' fees and costs.

## Count VII
## Constructive Discharge

80. By way of reference, Plaintiff repeats and incorporates each and every foregoing paragraph as if fully set forth herein.

81. Plaintiff was subjected to harassment/hostile work environment and/or discrimination by Defendant based on his sex, age, and/or disability.

82. The working conditions, as sanctioned by Defendant, became so intolerable to Plaintiff that he was forced to resign his employment with Defendant.

83. Plaintiff did, in fact, resign his employment.

84. Plaintiff's forced resignation was a constructive discharge, and therefore, a materially adverse employment action.

85. As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages.

86. Plaintiff demands attorneys' fees and costs.

**Relief Requested**

**WHEREFORE,** Plaintiff, Robert Kitzhoffer, demands judgment in his favor against Defendant, Center Independent Energy LP d/b/a Shell, in an amount in excess of $75,000, together with:

A. Compensatory damages, including but not limited to: back pay, front pay, past and future lost wages, lost pay increase, lost pay incentives, lost opportunity, lost benefits, lost future earning capacity, injury to reputation, mental and emotional distress, and pain and suffering;

B. Punitive damages;

C. Liquidated damages;

D. Attorneys' fees and costs of suit;

E. Interest, delay damages; and

F. Any other further relief this Court deems just, proper, and equitable.

Respectfully Submitted,

**Law Offices of Eric A. Shore, P.C.**

By: _____
Yvette C. Cave, Esq. (PA # 329607)
600 North Jackson Street, Suite 201
Media, Pennsylvania  19063
T: (610) 355-1999
F: (215) 944-6124
E: YvetteC@EricShore.com
*Attorneys for Plaintiff, Robert Kitzhoffer*

Dated: August 09, 2021